UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAZMINE ROBERTS; MINOR CHILD,<br><br>                        Plaintiffs,<br><br>          -against-<br><br>WESTCHESTER COUNTY DEPT. OF SOCIAL<br>SERVICES; WESTCHESTER COUNTY POLICE;<br>WESTCHESTER COUNTY DEPARTMENT OF<br>CORRECTIONS; WESTCHESTER COMMUNITY<br>MENTAL HEALTH; SECTION 8 HOUSING CVR; THE<br>GUIDANCE CENTER OF WESTCHESTER;<br>WESTCHESTER MANAGEMENT/HUGUENOT<br>COURT LLC; MT. VERNON POLICE DEPARTMENT;<br>YONKERS POLICE DEPARTMENT; NEW ROCHELLE<br>POLICE DEPARTMENT; WHITE PLAINS POLICE<br>DEPARTMENT; WHITE PLAINS HOSPITAL;<br>WESTCHESTER COMMUNITY COLLEGE; LEGAL<br>SERVICES OF THE HUDSON VALLEY; U.S. POST<br>OFFICE,<br><br>                        Defendants. | 20-CV-8409 (LTS)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO REPLEAD VALID<br>CLAIMS AGAINST<br>MUNICIPALITIES |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. § 1331, alleging that

Defendants violated her rights. By order dated February 4, 2021, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons

set forth below, the Court dismisses Plaintiff's claims against all Defendants, but grants Plaintiff

leave to file a second amended complaint, to replead valid claims against the municipalities

Plaintiff intends to sue, within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Using the Court's general complaint form, Plaintiff Jazmine Roberts brings this amended complaint on behalf of herself and her minor child. Plaintiff checks the box indicating that she

seeks to invoke the Court's federal question jurisdiction. Plaintiff names as Defendants various departments and agencies located in Westchester County, New Rochelle, Mt. Vernon, Yonkers, and White Plains.

Plaintiff identifies herself as a person with disabilities, and she asserts that her "rights have been tremendously obliterated," and "her voice almost was taken away." (ECF No. 4 at 7.) Plaintiff attaches to her complaint a document that appears to list 16 defendants. It is followed by brief summaries of 17 sets of mostly unrelated events; each set of events includes a heading that appears to correspond with the relevant defendant. Among the events she describes are Family Court proceedings, supportive housing assignments, landlord-tenant disputes, and criminal proceedings. Because Plaintiff provides little detail as to each set of events, it is unclear when and where the events giving rise to Plaintiff's claims occurred. Plaintiff also fails to describe any injuries or the relief she seeks.

## DISCUSSION

### A.      Plaintiff Fails to State a Claim

Because Plaintiff alleges that Defendants violated her constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Although Plaintiff asserts that her rights were violated, it is not clear from her complaint what she believes any defendant did or failed to do that violated her rights under the United States Constitution or any federal law. Plaintiff therefore fails to state a claim under section 1983. Plaintiff is granted leave to amend her complaint to assert enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff's complaint is deficient in other respects, which are discussed below.

**B.      Nonattorney Parent Cannot Represent Child**

The claims that Plaintiff seeks to assert on behalf of her minor child must be dismissed. It is well established that a nonattorney parent cannot represent a minor child *pro se*. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (minor children, "are entitled to trained legal assistance so their rights may be fully protected"); *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61-62 (2d Cir. 1990) ("A non-attorney parent must be represented by counsel bringing an action on behalf of his or her child."); *Fauconier v. Committee on Special Education*, No. 02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) (a "court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61). *But see Maldonado v. Apfel*, 55 F. Supp. 2d 296, 302-308 (S.D.N.Y. 1999) (nonattorney parents may represent their minor children without assistance of counsel in appeals to district court from administrative denial of supplemental security income (SSI) benefits).

Plaintiff's claims on behalf of her minor child are therefore dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Persons under 42 U.S.C. § 1983**

Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. None of the Defendants are "persons" within the meaning of section 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970)

(court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, ECF 1:97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against all named Defendants must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.     Municipal Liability

In addition to Defendants not being persons within the meaning of section 1983, the various agencies and departments of Westchester County, New Rochelle, Mt. Vernon, Yonkers, and White Plains that Plaintiff names as Defendants do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Plaintiff may have intended to sue the municipalities themselves rather than their agencies and departments. To state a claim against a municipality based on the actions of its employees, a plaintiff must plead facts explaining how a policy, custom, or practice of these municipalities was a "moving force" in her injuries. *See Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (holding that a § 1983 plaintiff "must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury."). To the extent that Plaintiff may be seeking to assert claims against the municipalities, she does not include any facts about what the County of Westchester, the City of Mt. Vernon, the County of Yonkers, the City of New Rochelle, or the City of White Plains did or failed to do that caused a violation of

her rights. Plaintiff's allegations thus fail to state a claim on which relief can be granted against these municipalities under § 1983.

Plaintiff fails to allege facts showing that a policy, custom, or practice of Westchester County, the City of Mt. Vernon, the County of Yonkers, the City of New Rochelle or the City of White Plains caused her any injury. The Court therefore grants Plaintiff leave to amend her complaint to name one or more of these municipalities, and to allege facts about what these municipalities did or failed to do that violated her rights and how any such alleged violation was caused by a municipal policy, custom or practice.

**E.     Claims against the United States Postal Service**

Plaintiff names the United States Postal Service as a defendant. She accuses the Postal Service of "taking my mail, not returning my mail to me and violating the rules protocols and procedures concerning passports for COVID-19." (ECF No. 4 at 11.) The Court construes Plaintiff's claim against the United States Postal Service as arising under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). This claim must be dismissed, however, because the doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived.[1] *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.

---

[1] Under the Postal Reorganization Act, 39 U.S.C. § 101, *et seq*., the USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201; *Kuhner v. Montauk Post Office*, 12-CV-2318, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013).

1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). As "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, the United States Postal Service ("USPS") and its employees acting in their official capacities are entitled to sovereign immunity. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).

While the FTCA, codified at 28 U.S.C. §§ 2671-80, abrogated that immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment, *see* § 1346(b)(1), Congress has carved out certain exceptions to this broad waiver of sovereign immunity. One such exception, commonly referred to as the "postal matter exception," preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). Because Plaintiff's claim arises out of the miscarriage or negligent transmission of her mail, it is precluded by the postal matter exception and must be dismissed on the basis of sovereign immunity.[2]

## F.      Claims against Family Court

In Plaintiff's numbered list of claims, she includes "Family Court" as the first claim. (ECF No. 4 at 9.) Because each other item on Plaintiff's list of claims corresponds with a

---

[2] The Postal Rate Commission ("PRC") has exclusive jurisdiction over service complaints involving the USPS. *See* 39 U.S.C. § 3662 (2006); *Nolen v. U.S. Postal Serv.*, No. 11-CV-114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013); *Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1548-49 (S.D.N.Y. 1985) (holding that a hearing by the PRC is the "sole remedy for a user of postal services who is not receiving adequate service"). An adverse ruling from the PRC may be appealed to the United States Court of Appeals for the District of Columbia. *See* 39 U.S.C. § 3663; *Foster v. Pitney Bowes, Inc.*, No. 11-CV-303, 2012 WL 2997810, at *3 (E.D. Pa. July 23, 2012).

defendant, it appears Plaintiff may have intended to name Family Court as a defendant. Any claims against Family Court, however, must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because Family Court and other state courts are part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"). The Court therefore dismisses Plaintiff's claims against Family Court. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**G.** **Motion for Permission for Electronic Case Filing**

Plaintiff submitted a motion for permission for electronic case filing. Plaintiff's motion (ECF No. 3) indicates that she has not completed the Court's required CM/ECF introduction course. Her request for permission for electronic case filing is therefore denied without prejudice to renewal at a later date.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against municipalities, the Court grants Plaintiff sixty days' leave to file a second amended complaint to detail her claims against one or more of the above-referenced municipalities.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims against the municipalities she intends to sue. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the second amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wants to include from the original and amended complaints must be repeated in the second amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against all Defendants, but grants Plaintiff leave to file a second amended complaint to replead valid claims against the municipalities she intends to sue that complies with the standards set forth above. Plaintiff must submit the second amended

complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-8409 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's motion for permission for electronic case filing (ECF No. 3) is denied without prejudice to renewal at a later date.

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 29, 2021
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## SECOND AMENDED
# COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 2:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 3:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 4: _____

       First Name             Last Name

_____

       Current Job Title (or other identifying information)

_____

       Current Work Address (or other address where defendant may be served)

_____

       County, City          State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address                      City                      State                      Zip Code

_____
Telephone Number                      E-mail Address

_____
Date                      Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007